UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the matter of:

EMILY RENEE SMITH

        Debtor.

_____/

Chapter 7
Case No. 16-41600
HON. MARCI B. McIVOR

Civil Case 16-CV-13624
HON. GEORGE C. STEEH

ORDER DENYING APPEAL AND AFFIRMING
BANKRUPTCY COURT JUDGMENT OF SEPTEMBER 29, 2016

      This is an appeal from a judgment of the Eastern District of Michigan Bankruptcy Court, dismissing Emily Smith's ("Debtor" or "Appellee") Chapter 13 Bankruptcy case.  On February 9, 2016, Debtor filed a voluntary petition for bankruptcy relief under Chapter 7 of the Bankruptcy Code.  On her Schedule A, Debtor scheduled a parcel of real property, her residence, with a value of $145,000.  On Schedule D, Debtor scheduled a $133,972.27 mortgage against the property.  The Trustee had the property inspected by a real estate broker who opined that the property was actually worth between $229,000 and $234,000.  The Trustee determined that there was substantial equity in the property and that it should be sold for the benefit of creditors as required by 11 U.S.C. § 704(a)(1).

      On April 7, 2016, Debtor filed a motion to dismiss in order to avoid liquidation of the property.  The Chapter 7 Trustee opposed the motion on the basis that dismissal was not in the best interest of the creditors.  On May 17, 2016, the Bankruptcy Court denied the motion to dismiss, finding that Debtor's desire to avoid liquidation of the property did not constitute sufficient cause pursuant to 11 U.S.C. § 707.

On June 7, 2016, Debtor filed a motion to convert case to Chapter 13 pursuant to 11 U.S.C. § 706 in order to avoid liquidation of the property.  An order of conversion was entered July 13, 2016, and a Chapter 13 Trustee was appointed.  On August 1, 2016, Debtor filed a motion to dismiss the Chapter 13 case.  The basis of Debtor's motion was that her previous attorney did not explain that her property could be liquidated and in addition that her signature had been forged on some of the Chapter 7 papers.  Judge McIvor questioned Debtor, who stated that she had been making payments on her debts prior to the bankruptcy, and should be able to pay her debts off within 3 years without selling her residence.  The Chapter 7 Trustee and Chapter 13 Trustee both filed objections to Debtor's motion to dismiss.  The Bankruptcy Court found Debtor to be credible and found that the circumstances of the case were unusual and Debtor was not trying to game the system.  The Bankruptcy Court granted Debtor's motion to dismiss.  This appeal followed on October 11, 2016.

                           STANDARD OF REVIEW

A decision whether to grant a motion to voluntarily dismiss a bankruptcy petition within the discretion of the bankruptcy judge and is reviewed only for an abuse of discretion.  *In re Amir*, 436 B.R. 1, 9 (6th Cir. BAP 2010).  "An abuse of discretion occurs only when the [trial] court relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard." *Kaye v. Agripool, SRL re Murray, Inc.),* 392 B.R. 288, 296 (6th Cir. BAP 2008). "An abuse of discretion is as a 'definite and firm conviction that the [court below] committed a clear error of judgment.' " *Mayor of Baltimore v. West Virginia (In re Eagle–Picher Indus., Inc.),* 285

522, 529 (6th Cir. 2002) (citing *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.,* 181 F.3d 759, 770 (6th Cir. 1999)).

## ANALYSIS

I.  Dismissal Pursuant to 11 U.S.C. § 1307(b)

Appellant argues that the Bankruptcy Court erred by ignoring the plain language of § 1307(b) which limits voluntary dismissal to instances where the case has not been converted from a Chapter 7 to a Chapter 13 under § 706. Section 1307(b) provides:

> On request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter. . . .

Appellant reads § 1307(b) too narrowly. That section gives the debtor the absolute right to dismiss his or her Chapter 13 case if it was originally filed as a Chapter 13 and not converted. Once a case has been converted to a Chapter 13, the debtor must file a motion and give notice, and the Bankruptcy Court must hold a hearing, giving the Chapter 13 trustee, creditors and other parties in interest an opportunity to oppose and argue in favor of re-conversion to Chapter 7. *See In re Oblinger*, 288 B.R. 781, 787 (N.D.Ohio 2003) (citations omitted). The Bankruptcy Court has discretion to determine if the motion to dismiss should be granted. This is not a basis for reversing the Bankruptcy Court's ruling.

II. May 17, 2016 Order Denying Dismissal Should Stand

Appellant next argues that the Bankruptcy Court's denial of Debtor's motion to dismiss her Chapter 7 case was not erroneous and therefore prevents dismissal of her Chapter 13 case. At the hearing on the motion to dismiss the Chapter 13 case, Judge

McIvor explained that in the time since she denied the motion to dismiss the Chapter 7 petition, she learned more information about the case. She was referring to the fact that she was able to question Debtor at the Chapter 13 hearing whereas Debtor was not present at the hearing on the Chapter 7 motion to dismiss. During her questioning of Debtor, the judge learned that Debtor believed she had sufficient assets to pay her creditors outside bankruptcy. She also learned that Debtor had been misinformed by her previous counsel about the consequences a bankruptcy filing would have on her residential property. In the end, after finding that Debtor was not trying to game the system, the court based its decision to dismiss on equitable grounds.

The Bankruptcy Court has the discretion to grant or deny a motion to dismiss. *See In re Amir*, 436 B.R. at 9. A debtor seeking to dismiss must show cause and that dismissal will not prejudice creditors. *In re Cohara*, 324 B.R. 24 (6th Cir. BAP 2005). Generally a debtor's claim that the estate is solvent and is able to pay creditors outside of bankruptcy does not constitute adequate cause for dismissal. *In re Turpen*, 244 B.R. 431, 434 (8th Cir. BAP 2000). Judge McIvor specifically found that this case presented unusual circumstances supporting dismissal. The judge found that if Debtor had known her residence was at risk she would not have filed in the first place. She also found that Debtor was credible in her statement that she could pay off her creditors outside of bankruptcy. Based on those circumstances, Judge McIvor determined that Debtor's Chapter 13 petition should be dismissed. This court finds no abuse of discretion in the Bankruptcy Court's ruling.

CONCLUSION

For the reasons stated above, the court DENIES appellant's appeal and AFFIRMS the Bankruptcy Court's judgment of dismissal.

Dated: February 8, 2017

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 8, 2017, by electronic and/or ordinary mail and also on Lydia D. Ammori, Frego & Brodsky, 23843 Joy Rd., Dearborn Heights, MI 48127.

s/Barbara M. Radke
Deputy Clerk

---